UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JENNIFER HUH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MONO COUNTY OFFICE OF EDUCATION, STACEY ADLER, and DOES 1 through 30, inclusive,<br><br>Defendants. | No. 2:19-cv-00170 WBS KJN<br><br>ORDER RE: DEFENDANTS' MOTION TO DISMISS |

----oo0oo----

Plaintiff Jennifer Huh brought this action against defendants Mono County Office of Education ("the County") and Stacey Adler ("Adler") (collectively, "defendants") asserting violations of 42 U.S.C. § 1983 and California state law arising out of her employment and subsequent termination by the County. Before the court is defendants' motion to dismiss for failure to state a claim and motion to strike. (Docket No. 32.)

I. Facts

Plaintiff was employed by the County from January 2011

1

until June 2018. (Second Am. Compl. ("SAC") ¶ 17 (Docket No. 30).) In July 2017, plaintiff was promoted to Deputy Superintendent and took on the added responsibility of serving as human resources director. (Id. ¶ 20.) As Deputy Superintendent, plaintiff reported directly to defendant Adler, the Superintendent of the County. (Id. ¶¶ 5, 19-20.) Plaintiff alleges that several months after she began working as Deputy Superintendent, she learned that defendant Adler was issuing stipend checks to herself and others without first getting approval from the County's Board of Trustees ("the Board"), accounting for the payments in the public record, or notifying the union. (Id. ¶ 21.) In total, members of Adler's cabinet were paid $73,000 in stipend checks and Alder herself was paid $24,000. (Id.)

Plaintiff confronted Adler about the payments and Adler allegedly offered to issue her a payment, "apparently in an effort to silence [her] about the illegal 'stipends'." (Id. ¶ 23.) Plaintiff declined the payment, and instead reported Adler's conduct to the Board. (Id. ¶¶ 23-24.)

In December 2017, plaintiff claims community members and County staff members began urging her to run for Superintendent to replace Adler. (Id. ¶ 25.) The local newspaper formally announced plaintiff's candidacy on January 26, 2018. (Id. ¶ 28.) On February 4, 2018, Adler notified plaintiff that she would no longer serve as the director of human resources or as a member of Adler's cabinet. (Id. ¶ 29.) Plaintiff, believing that her demotion was a retaliatory act that violated the California Education Code, reported it to the Board on

2

February 12, 2018.  (Id. ¶ 30.)  The Board asked Adler to repay the money she had paid to herself shortly thereafter.  (Id. ¶ 31.)

Plaintiff responded to the local newspaper's questions about the stipend payments Adler made to herself and others allegedly in her capacity as a private citizen and political candidate in March 2018.  (Id. ¶ 32.)  Plaintiff alleges that, in response, Adler instructed the County's human resources staff to send plaintiff's private personnel file to Adler's campaign office.  (Id. ¶ 33.)  The staff members did so, allegedly under protest.  (Id.)

In April 2018, the County sent, and plaintiff signed, an "Intent to Return" letter to renew her employment contract with the County from July 1, 2018-June 30, 2019.  (Id. ¶¶ 35-36.)  Plaintiff alleges that she and Mono County "mutually understood that the submission by [d]efendant to [p]laintiff of an Intent to Return letter constituted an offer for continued employment . . . under [d]efendants' policies and/or practices."  (Id. ¶ 35.)  Plaintiff promptly signed and returned the Intent to Return letter, and the human resources department finalized plaintiff's employment contract, although that contract was never signed.  (Id. ¶ 36.)  On June 29, 2018, Adler fired plaintiff and notified her that the County would not be renewing her contract for the 2018-2019 term.  (Id. ¶ 39.)  Plaintiff alleges that defendants did not give her notice or the opportunity for a hearing on the revocation of her contract renewal.  (Id. ¶ 41.)

Plaintiff's Second Amended Complaint alleges violation of (1) her First Amendment rights under 42 U.S.C. § 1983; (2)

3

deprivation of property without due process in violation of the Fourteenth Amendment under 42 U.S.C. § 1983; (3) retaliation in violation of California Education Code § 44113; (4) retaliation in violation of California Labor Code §§ 98.6 and 1102.5; (5) representative action under California Labor Code § 2699; (6) violation of the right of privacy under the California Constitution and (7) wrongful demotion and termination in violation of California public policy. Defendants move to dismiss plaintiff's second, third, and fourth causes of action.[1] (Docket No. 32.)

II. Legal Standard

On a Rule 12(b)(6) motion, the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint that offers mere "labels and conclusions" will not survive a motion to dismiss. Id. (citations and quotations omitted).

III. Discussion

    A. Fourteenth Amendment

---

[1] Defendants also moved to strike plaintiff's claim for punitive damages against the County. (Docket No. 32.) However, the parties filed a joint stipulation agreeing that plaintiff will only seek punitive damages against Adler on October 14, 2019. (Docket No. 42.) Accordingly, the court will deny defendant's motion to strike as moot.

4

Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of [state law] subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Section 1983 does not create substantive rights, but instead provides the procedural mechanism for vindicating federal constitutional rights. Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).

To establish a due process violation, plaintiff must show that she has a protected property interest under the Due Process Clause and she was deprived of such property without receiving the process that was constitutionally due. Levine v. City of Alameda, 525 F.3d 903, 905 (9th Cir. 2008). State law determines whether a protected property interest exists. Clements v. Airport Authority of Washoe Cty., 69 F.3d 321, 331 (9th Cir. 1995) (citing Board of Regents v. Roth, 408 U.S. 564, 577 (1972)). "[A] state law which limits the grounds upon which an employee may be discharged, such as conditioning dismissal on a finding of cause,' creates a constitutionally protected property interest." Dyack v. Commonwealth of N. Mariana Islands, 317 F.3d 1030, 1033 (9th Cir. 2003) (quoting Brady v. Gebbie, 859 F.2d 1543, 1548 (9th Cir. 1988)).

Under California law, an employment contract for a specified term[2] may be terminated only if the employee commits a

---

[2] A "specified term" is defined as "for a period greater than one month." Cal. Lab. Code § 2922.

5

willful breach of duty, habitually neglects her duty, or is incapable of performing her duties. Cal. Lab. Code § 2924. When the court first considered this claim, plaintiff did not reference this statute or attach supporting documents to her complaint. (See First Amended Complaint (Docket No. 12).) Accordingly, the court dismissed plaintiff's second claim without prejudice. See Huh v. Mono County Office of Education, No. 2:19-cv-00170-WBS-KJN, 2019 WL 3253921, at *4 (E.D. Cal. July 19, 2019) (Docket No. 25). But in amending her complaint, plaintiff provided a copy of her Intent to Return letter, her 2017-2018 contract (in effect at the time of her firing) and the "processed and finalized" 2018-2019 contract she would have signed on July 1, 2018.³ (SAC ¶ 36, Exs. A-C.) Together, these documents

---

³ If attached documents accompany a complaint, the documents become part of the complaint and may be considered by the court. Roth v. Garcia Marquez, 942 F.2d 617, 625 n.1 (9th Cir. 1991). Accordingly, the court can consider plaintiff's 2014-2015 Intent to Return letter and her employment contracts from 2018-2018 and 2018-2019 on this motion to dismiss because they were attached to her Second Amended Complaint. (See SAC, Exs. A-C (Docket No. 30-3).)

Plaintiff attached her 2014-2015 Intent to Return letter to her complaint because she did not have possession of the 2018-2019 copy. (SAC ¶ 55.) Parties concede that the language from the 2014-2015 letter and the 2018-2019 letter at issue are identical, save the specified year. (See Defs.' ERRATA, ¶ 2 (Docket No. 40).) The signed 2018-2019 Intent to Return was included with defendant's ERRATA. (Id., Ex. A.) Ordinarily, when deciding a motion to dismiss, a court may not consider material outside of that which is attached to the complaint. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). But the court may consider documents outside of the complaint under certain circumstances. Id. The court finds it appropriate to consider the 2018-2019 signed Intent to Return letter because it is relied on by both parties and its authenticity is uncontested. (Defs.' ERRATA, Ex. A.)

6

support the plausibility of plaintiff's allegation that she was deprived of a protected property interest without due process.

Although plaintiff and Adler did not sign the 2018-2019 contract (id. ¶ 36), the Intent to Return letter states that the County "may employ someone else for [a] position" if an employee fails to return the letter. (Defs.' ERRATA, Ex. A.) This gives rise to at least the implication that returning the letter and expressing an intent to return means that the County cannot employ someone else, and the employee cannot be terminated but for the occurrence of one of the events specified by the employee's contract. (See SAC, Exs. B, C.) Plaintiff signed and returned the 2018-2019 Intent to Return letter in a timely fashion. (SAC ¶ 36; Defs.' ERRATA, Ex. A.) The conditions under which plaintiff could be fired, including abandonment, retirement, or failure to maintain a credential, were not present. (See SAC, Exs. B, C.) Consequently, plaintiff has plausibly alleged that she had a protected property interest under the Due Process Clause of the Fourteenth Amendment. Accordingly, at this stage of the proceeding, the court will deny defendants' motion to dismiss this claim.

B. California Education Code § 44113

California Education Code Section 44113(a) prohibits an employee working in a supervisory position from "directly or indirectly us[ing]" their "official authority" to interfere with the right of another to disclose "improper governmental activity" to an "official agent." Cal. Educ. Code § 44113(a); see also Conn v. W. Placer Unified School Dist., 186 Cal. App. 4th 1163, 1167-68 (3d Dist. 2010). The statute defines the "use of

official authority or influence to include," inter alia, "promising to confer or conferring any benefit; affecting or threatening to affect any reprisal; or taking, directing others to take, recommending, processing, or approving any personnel action, including, but not limited to appointment, promotion, transfer, assignment[.]" Cal. Educ. Code. § 44113(b). "Improper governmental activity" includes activities undertaken in the performance of the employee's official duties that violates either a state or federal law or is "economically wasteful." Cal. Educ. Code § 44112(c).

Defendants contend that plaintiff has not alleged facts sufficient to meet the pleading standards under Rule 12(b)(6). Defs.' Mot. to Dismiss at 10. However, plaintiff's complaint is largely founded on allegations that Adler committed a series of improprieties as Superintendent that fall within § 44113, including the potentially illegal stipend payments (SAC ¶¶ 21-22), bribery (SAC ¶ 23 (Adler "offered to issue [p]laintiff a payment herself, apparently in an effort to silence [p]laintiff about the illegal stipends")), demotion (SAC ¶ 29), intimidation (SAC ¶ 42), and wrongful termination (SAC ¶ 39). These allegations raise a plausible claim that defendant Adler violated Section § 44113's prohibition on the use of official authority by a public school employee in order to interfere with plaintiff's disclosure of improper governmental activities. Accordingly, the court will deny defendant's motion to dismiss as to the § 44113 claim.

    C.    California Labor Code §§ 98.6 and 1102.5

Plaintiff's fourth claim is that defendant County

8

violated California's so-called whistle-blower protection laws, California Labor Code Sections 98.6 and 1102.5. Together, these two sections prohibit employers from retaliating against employees who disclose information to "a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance" if the employee "has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." See Cal. Labor Code § 1102.5(b).

The County offers four arguments against plaintiff's retaliation claim in its brief. First, defendant argues plaintiff has not properly alleged that she exhausted administrative remedies before initiating this action. (Mot. to Dismiss at 11-12.) Second, defendant argues plaintiff filed her complaint with the labor commissioner after her alleged termination and has not alleged any facts showing that she was discriminated against as a result of her complaint with the labor commissioner. (Id. at 12.) Third, defendant challenges plaintiff's claim on the grounds that plaintiff's disclosures did not concern illegal conduct. (Id. at 13; Reply to Opp. to Mot. to Dismiss at 6 (Docket No. 43).) Fourth, the County argues that plaintiff has inadequately alleged a causal relationship between her reports to the Board of Trustees and the adverse actions she suffered. (Mot. to Dismiss at 14; Reply to Opp. to Mot. to Dismiss at 6.) The court will address each argument in turn.

In its brief, defendant argued that actions brought under California Labor Code Section 98.6 are subject to Section

9

98.7's pre-filing administrative remedies provision, relying primarily on federal law. (Mot. to Dismiss at 11.) But at oral argument, counsel for defendant conceded that Section 98.6 of the Labor Code does not contain an exhaustion requirement. (Docket No. 44.) Plaintiff need not exhaust the remedies set forth in § 98.7 before bringing her claim under §§ 98.6 and 1102.5, and consequently, her claim will not be dismissed for failure to exhaust.

Next, defendant is correct that "[p]laintiff has not alleged any facts showing that she was discriminated against <u>as a result</u> of filing a complaint [in September 2018] with the Labor Commissioner." (Mot. to Dismiss at 12 (emphasis in original).) But as discussed above, she did not need to file a complaint with the Labor Commissioner before bringing suit. Plaintiff alleges that her June 2018 termination was in retaliation for her September 2017 and February 2018 disclosure to the Board of what she believed to be illegal acts. (SAC ¶¶ 30, 40.) As alleged, the County as her employer took "adverse action against [an] employee" who "engaged in [] conduct described in . . . Chapter 5," which includes § 1102.5(b). Cal. Lab. Code § 98.6. Plaintiff alleges that she was retaliated against for "disclos[ing] information . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation." Cal. Lab. Code § 1102.5. Accordingly, defendant's argument that plaintiff's claim should be dismissed because she failed to allege she was retaliated against as a result of filing a complaint fails.

Defendant next argues that plaintiff's fourth claim

should be dismissed because plaintiff "has merely stated a laundry list of codes but fails to state any supporting facts that the payment of the stipends was actually a violation of [those codes]." (Mot. to Dismiss at 14.) But under the statute, plaintiff need only allege that she had "reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." Cal. Lab. Code § 1102.5(b). The relevant inquiry is not whether the stipend payments actually violated any specific statute or regulation, but rather, whether she reasonably believed they did at the time she reported them. See Carter v. Escondido Union High Sch. Dist., 148 Cal. App. 4th 922, 933-34 (4th Dist. 2007). Here, plaintiff's allegations support a reasonable belief that a violation of state or local law was occurring, and the court will not dismiss the claim on this ground.

Finally, defendant's fourth argument against plaintiff's Labor Code claims is that plaintiff has not sufficiently alleged a causal link between her report to the Board and any subsequent employment action. Time gaps between a protected activity and an alleged adverse action can defeat the inference of causation. Manatt v. Bank of Am., NA, 339 F.3d 792, 802 (9th Cir. 2003) (finding nine months between plaintiff's complaint and an adverse employment action was too attenuated). But "timing of an adverse employment action is only one of the many ways a plaintiff can establish causation." Gwin v. Target Corp., No. 12-05995 JCS, 2013 WL 5424711, *13 (N.D. Cal. Sep. 27, 2013) (collecting cases). Here, however, plaintiff's complaint

11

contains additional allegations indicating she may be able to establish causation by other means.  While plaintiff was not terminated from her position until June 2018, plaintiff was demoted in February 2018 after announcing her candidacy against Adler in January 2018 and reporting Adler's conduct to the Board in September 2017.  (SAC ¶¶ 24, 28, 30, 39.)  At this early stage, then, the court cannot conclude that plaintiff has not plausibly alleged causation.  Accordingly, the court will deny defendant's Motion to Dismiss as to plaintiff's fourth claim.

     IT IS THEREFORE ORDERED that defendants' Motion to Dismiss (Docket No. 32) be, and thereby is, DENIED in full.

     IT IS FURTHER ORDERED that defendants' motion to strike (Docket No. 32) be, and the same thereby is, DENIED AS MOOT.

Dated:  November 6, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE