UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER HUH,<br><br>  Plaintiff,<br><br>  v.<br><br>MONO COUNTY OFFICE OF EDUCATION, et al.,<br><br>  Defendants. | No.  2:19-cv-00170-WBS-KJN<br><br>ORDER<br><br>(ECF No. 59) |

      Presently before the court is an informal discovery dispute concerning plaintiff's request for test questions and book materials that defendants' expert plans on using during plaintiff's Rule 35 mental examination.  (ECF No. 59.)  At the informal hearing Catherine J. Roland appeared for plaintiff; Anthony N. DeMaria appeared for defendants.  The parties have agreed to the mental examination, and its general parameters, but disagree as to whether plaintiff is entitled to these materials.

      Defendants' position is that providing plaintiff with these materials would violate copyright and trademark laws.  (Id. at 2.)  Defendants cite to the Ethics Code of the American Psychological Association, which instructs psychologists to maintain the "integrity and security of test materials."  (Id.)  As a result of this position, defendants state that they are willing to provide plaintiff with the materials if plaintiff designates an expert who is appropriately "licensed and qualified."  (Id.)

1

1   Defendants' position is at odds with Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and
2   relevant precedent.  Rule 26(a)(2)(B)(ii) requires testifying experts to provide a report that
3   contains the "facts and data considered by the witness in forming [the expert's opinions.]"  As the
4   Northern District of California held, "The raw data from [plaintiff's] psychological examination
5   fall within this category."  Starkey v. McHugh, 2015 WL 6438762, at *2 (N.D. Cal. Oct. 23,
6   2015).  The undersigned agrees with the court in Starkey, and therefore holds that defendants
7   must produce the raw data—the questions as well as the book materials— to plaintiff's counsel
8   after the Rule 35 examination takes place.  Regarding defendants' arguments raising privacy
9   concerns from the disclosure of these materials, the court orders plaintiff, or defendant if plaintiff
10  produces similar material, to not disseminate, distribute, or publish the materials beyond as
11  reasonably necessary to prosecute this specific case.[1]

12  Accordingly, it is HEREBY ORDERED that if the Rule 35 examination proceeds, the
13  parties must produce the relevant raw data—the test questions as well as the book materials—
14  with one another in accordance with Rule 26(a)(2)(B).  Additionally, the parties shall not
15  disseminate, distribute, or publish the materials beyond as reasonably necessary to prosecute this
16  specific case.

17  IT IS SO ORDERED.

18  Dated: June 15, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/170.huh

---

[1] As discussed in the informal hearing in this matter, the parties are encouraged to stipulate to any additional protections that would facilitate production.